UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
        **Plaintiff**

v.                                            Case Number 8:98cr170-002
                                                USM Number 15659-047

**DAVID HINTZE**
        **Defendant**

                                                Julie B. Hansen
                                                Defendant's Attorney

_____

### JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of Mandatory conditions, Standard condition nos. 8 and 11 and Condition no. 2 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 - Mandatory Condition | Terroristic threats, third degree assault and violation of a protection order | August 19, 2007 |
| 2 - Standard Condition No. 8 | Tested positive | September 24, 2007 |
| 3 - Standard Condition No. 11 | Failure to notify probation officer of arrest within 72 hours of arrest | September 17, 2007 |
| 4 - Mandatory Condition | Disturbing the Peace | January 3, 2008 |
| 5 - Condition of Release No. 2 | Violation of Protection Order | January 3, 2008 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                                           Date of Imposition of Sentence:
                                                                                  July 24, 2008

                                                                            s/ Joseph F. Bataillon
                                                                          United States District Judge

                                                                                     August 1, 2008

## IMPRISONMENT

The defendant is hereby sentenced to a term of **Time Served.**

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20_____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 20_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20__.

_____
UNITED STATES WARDEN

By: _____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant's Supervised Release shall be extended for another year terminating on November 12, 2010.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. Pursuant to 18 U.S.C. § 3583(d), defendant shall submit to a drug test within fifteen days of release on Supervised Release and at least two periodic drug tests thereafter to determine whether defendant is using a controlled substance. Further, defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

2. Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

3. Defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

4. Defendant shall provide the U.S. Probation Officer with access to any requested financial information.

5. The defendant shall pay for, attend and participate in an inpatient or outpatient mental health program, as directed by the United States Probation officer.

6. The defendant shall not associate with any member, prospect or associate member of any criminal street gang. If you are found to be in the company of such individuals while wearing the clothing, colors or insignia of any known criminal street gang, the Court will presume that this association was for the purpose of participating in illegal gang activities.

7. The defendant shall attend a public, private or private nonprofit offender rehabilitation program that has been approved by the probation officer, in consultation with a State Coalition Against Domestic Violence or other appropriate experts.

8. Defendant shall report to the Supervision Unit of the United States Probation office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 215 North 17th Street, Room 7005, Omaha, NE, (402) 221-4785, within 72 hours of release from confinement.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime.
2) The defendant shall not leave the judicial district without the permission of the court or probation officer.
3) The defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer prior to any change in residence or employment.
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements.
15) The defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons.
16) The defendant shall pay any fine or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.
17) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|         | **Assessment**                      | **Fine** | **Restitution** |
|---------|-------------------------------------|----------|-----------------|
| Totals: | $ 100.00 (Paid in Full, 8/23/1999)  |          |                 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   (X)   in full immediately; or
B   ()    $_____ immediately, balance due (in accordance with C, D, or E); or
C   ()    not later than _____; or
D   ()    in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
E   ()    in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, P.O. Box 129 - DTS, Omaha, NE  68101.

**Special instructions regarding the payment of criminal monetary penalties:**

()    The defendant shall pay the cost of prosecution.
()    The defendant shall pay the following court cost(s):
()    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk